UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DeCARO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:13CV00014 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant's second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Before such a motion may be filed in this Court, it must be authorized by the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3). Because the instant motion does not have such authorization, the Court will dismiss it without further proceedings.

Movant is serving a life sentence for murder for hire. United States v. DeCaro, 1:96CR5 (E.D. Mo.). Movant previously filed a motion to vacate under § 2255, which was denied on the merits. See DeCaro v. United States, 1:98CV112 (E.D. Mo.). The Eighth Circuit Court of Appeals denied Movant's motion for a certificate of appealability on June 9, 1999. Id.

Movant filed his instant § 2255 motion on January 29, 2013. He seeks relief under Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), cases in which the Supreme Court held that plea counsel has a duty to inform his or her client

of formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to defendant. Movant states his counsel failed to live up to the standards announced in <u>Frye</u> and <u>Lafler</u>.

Only the Court of Appeals may decide whether a movant may file a successive motion under § 2255. 28 U.S.C. § 2244(b)(3). As a result, this Court lacks jurisdiction over the instant motion, and the Court will dismiss this action without prejudice.

Additionally, counsel has filed a motion for leave to proceed pro hac vice. The motion is incomplete because counsel did not file a certificate of good standing. On February 13, 2013, the Clerk's Office called counsel and emailed him regarding the fact that he had not filed his certificate, but counsel did not return any communication to the Court. Furthermore counsel still has not filed his certificate several days later. As a result, the motion to proceed pro hac vice is denied.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that counsel's verified motion for admission pro hac vice [ECF No. 2] is **DENIED**.

Dated this 19th day of February, 2013.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE